IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASE D. G., | ) |
|     Plaintiff, | ) No. 23 C 4441 |
| v. | ) Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Chase D. G. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On May 18, 2020, plaintiff applied for benefits, alleging a disability onset date of October 19, 2007. (R. 51.) His application was denied initially, on reconsideration, and after a hearing. (R. 10-23, 51-100.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 12.) At step two, the ALJ found that plaintiff has the severe impairments of lumbar degenerative disc disease with fracture at L2 with radiopaque bullet fragments, left ankle neurological deficit and foot drop with inability to dorsiflexion, obesity, PTSD, ADHD, social anxiety disorder, and major depressive disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 13.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with certain exceptions. (R. 16-21.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 21-23.)

The state agency experts deemed plaintiff's mental impairments to be non-severe and thus did not posit any limitations for them to be incorporated in the RFC. (*See* R. 60, 79.) The ALJ disagreed with the experts' opinions and found that plaintiff has moderate limitations in concentration, persistence, and pace ("CPP") and the RFC to, among other things, understand, remember, and carry out simple work instructions, sustain concentration to perform simple tasks, and make simple, work-related decisions. (R. 15-16.) Plaintiff argues that the RFC limitation to simple work does not adequately account for his moderate limitations in CPP.

The government's argument as to the appropriateness of the RFC in light of the ALJ's CPP finding is without merit.[1] The government defends the ALJ's CPP finding (*see* ECF 25 at 1 (the ALJ "extended the benefit of the doubt to plaintiff and found severe mental impairments and mental restrictions, a generous finding and one *supported by the evidence*") (emphasis added)), but then ignores the RFC's assessment as it relates to CPP "because no doctor found CPP-related limitations." (*Id.* at 8.) That analysis simply does not work. The ALJ's *finding* as to moderate limitations in CPP is what controls the propriety of the RFC assessment, not alternative findings that the ALJ *might have found*.

The Court agrees with the plaintiff. "[Seventh Circuit] caselaw emphasizes that 'both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record,' including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). Moreover, the Seventh Circuit has repeatedly held that RFC

---

[1] That said, the Court is somewhat sympathetic to the government's consternation as to parts of plaintiff's argument, which calls into question the ALJ's bases for his CPP finding, a finding that the government properly characterizes as "extending the benefit of the doubt to the plaintiff." (ECF 25 at 1.) Yet, the plaintiff also argues that the ALJ's RFC fails to account for plaintiff's deficiencies in CPP. (*See* ECF 19 at 8-9.) As explained herein, we reject the government's argument on this developed point.

limitations to simple tasks do not adequately account for problems of concentration, persistence, or pace. *See, e.g.*, *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) ("We have repeatedly cautioned that 'someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be.'" (quoting *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020)); *Crump*, 932 F.3d at 570 ("[O]bserving that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift."). Because the RFC limitation to simple work does not account for plaintiff's moderate CPP limitations, this case must be remanded for reconsideration of the RFC.[2]

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case to the Commissioner for further proceedings. This case is terminated.

**SO ORDERED.**                **ENTERED:  April 24, 2024**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.

4